Jones and Anderson *vs.* Keating, *et al.*

(Decided 16th December, 1880.)

SAMUEL JONES and JAMES ANDERSON *vs.* THOMAS J. KEATING, ALLEN B. DAVIS, RICHARD T. WHITE, HENRY RENSHAW and SAMUEL R. WHITE.

*Acts of* 1868, *ch.* 407, 1870, *ch.* 311 *and* 1872, *ch.* 377, *relating to Public Education—Board of County School Commissioners, a Corporation—Suits should be brought in its Name—Injunction—Estoppel—Bill in behalf of Citizens.*

In 1869, J. was elected a member of the Board of County School Commissioners of Montgomery County, under the Act of 1868, ch. 407, and in 1872, 1874, 1876 and 1878, he was appointed a member of that Board by virtue of the Acts of 1870, ch. 311, and 1872, ch. 377, by the Judges of the Circuit Court for that County. He acted as president of the board for those years, till displaced by the appointment of some one else in his stead, as a member. A. was elected as the secretary, treasurer and examiner of the same board with J. in 1870, and appointed to that office in the same way and for the same years as J., and acted as such officer for those years, till displaced by the appointment of some one else in his stead. He never gave bond under his new appointments, but discharged the duties of the office. On a bill filed by J. and A. claiming to be respectively president, and secretary and examiner of the board, suing for themselves and in behalf of citizens of the county interested in the promotion of education, for an injunction against the board

10 v. 55.

composed of the appellees appointed by the Judges in 1879, alleging the unconstitutionality of the Acts of 1870, ch. 311, and 1872, ch. 377, and claiming that the said J. and A. and the board elected in 1869, held over under the Act of 1868, ch. 407, it was HELD:

1st. That the Board of County School Commissioners being a corporation under the Acts relating to Public Education, suit could only be brought in its name.

2nd. That J. and A. were equally estopped from repudiating the authority and title under which they acted after their appointment under the Acts of 1870 and 1872, and from setting up independent and paramount titles to their offices by reason of their election in 1869.

3rd. That as parts of and as representing the community at large of the county, they were not entitled to the Court's interposition.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON and IRVING, J.

*William H. Tuck,* for the appellants.

*J. Wirt Randall* and *Charles E. Phelps,* for the appellees.

*Charles J. M. Gwinn, Attorney-General,* for the appellees, by direction of the Governor of Maryland.

IRVING, J., delivered the opinion of the Court.

The appellant, Samuel Jones, claiming to be president of the board of County School Commissioners of Montgomery County, and James Anderson, claiming to be secretary and examiner of the board, suing for themselves, and in behalf of divers of the citizens of Mont-

gomery County, interested in the promotion of education, by their bill charge that the complainants Samuel Jones, and four other persons, who are not joined as complainants, were, in November, 1869, elected School Commissioners of Montgomery County, that they qualified as such commissioners, and that the complainant Jones was elected by the board its president. It also charges that on January 4th, 1870, under the laws then in force, James Anderson, the other complainant, was elected the secretary, treasurer and examiner of the board, and qualified and bonded as such officer; and that they are respectively the rightful incumbents of those offices.

The bill charges, that a certain Allen B. Davis, Richard T. White and Henry Renshaw, of Montgomery County, now claim to be School Commissioners for Montgomery County, under an appointment made by the Circuit Judges of that county, on the 27th day of December, 1879; and that one Samuel R. White, claims to be secretary, treasurer and examiner, under the election and appointment of this pretended board of School Commissioners. The bill further charges, that the Acts of Assembly of 1870, ch. 311, and 1872, ch. 377, under which this pretended board of School Commissioners claim appointment and authority, are unconstitutional and void, and that their appointment of Samuel R. White, as secretary, treasurer and examiner was void, for the want of power in them to make such appointment.

The bill admits that the complainant, Samuel Jones, was appointed one of the County School Commissioners for Montgomery, by the Judges of the Circuit Court, in 1872, 1874, 1876 and 1878, successively, and that, under that appointment he acted as president of the board. It is also admitted, that the complainant, James Anderson, was in the same years appointed by this board, so appointed by the Judges, secretary, treasurer and examiner, and that he acted in that capacity for such board, but it is alleged

that he never qualified or bonded under such new appointment; and that he always denied the right of the Judges to make the appointments, and contended that the law under which it was done was unconstitutional: and the complainants insist that they have not, by reason of having acted in their respective offices, as alleged, concluded themselves from denying the constitutional right of the Judges to make the appointments of School Commissioners.

The prayer of the bill is for injunction to restrain Allen B. Davis, Richard T. White and Henry Renshaw, from acting as School Commissioners, and Samuel R. White, from acting as school examiner, secretary and treasurer; and to prevent Thomas J. Keating, the comptroller of the treasury, from paying the moneys in the treasury due to Montgomery County for school purposes, to Samuel R. White, who claims to be treasurer and examiner. The Circuit Court for Anne Arundel County refused the injunction; and hence this appeal.

The theory of the complainants is, that the Acts of 1870, ch. 311, and 1872, ch. 377, are unconstitutional in so far as they devolved on the Judges of the Circuit Courts, in the several counties, the power of appointing the School Commissioners because the duty is extra-judicial, in no way pertaining to the office they fill under the Constitution, and because it is in conflict with the 8th section of the Declaration of Rights, of the Constitution of 1867; and further, that those Acts being void in the particular mentioned, because in contravention of the Constitution, the board of School Commissioners elected under the Act of 1868, and the school examiner, secretary and treasurer appointed by that board, still hold their respective offices; because under sub-chapter 2, sec. 1, of the Act of 1868, ch. 407, their tenure of office continued until their successors should qualify; and such successors they claim have not been appointed.

It is urged on the part of the appellees, that these complainants are not the proper parties to institute this proceeding, and to have the question decided which they present. It is contended that the Board of School Commissioners is a corporation, and that assuming the Act of 1868 has not been successfully overthrown by the subsequent legislation, so far as the school commissioners elected under the provisions of that Act are concerned, still one member of that board cannot sue in this way, and for this purpose, but the board, the corporation, as it existed under the Act of 1868, as a whole must assert its rights in the premises.

This objection seems to be well taken, so far as the complainant, Samuel Jones is concerned. In *Green's Brice's Ultra Vires,* (*2nd Am. Ed.,*) 276, 277, this language is used "Not only can a corporation sue, but it is the proper party, and indeed the only party to bring actions in all cases where the ground of action is a matter affecting the corporation as a whole, and not some particular members or classes of members." The same doctrine is taught in *Angell and Ames on Corporations,* (*8th Ed.,*) sec. 370, and in *Bradley vs. Richardson,* 2 *Blatchford C. C. Rep.,* 345, 346, the Court declares that the true principle.

In *School Commissioners of Wicomico County vs. The School Commissioners of Worcester County,* 35 *Md.,* 201, this Court decided that although the Act of 1868, ch. 407, did not in terms incorporate the Boards of School Commissioners for the several counties, yet "all the property and funds of every sort, existing for the use and benefit of the public schools in the several counties, were transferred to and vested in such boards and their successors in office, and they were charged with the duty of administering and supervising the affairs of the public schools in their respective counties.

"They were, therefore, while not incorporated as legal entities in the full sense of the term, *quasi* corporations,

with full power to sue and liable to be sued, in respect to all matters within the scope of their duties and obligations." The Act of 1870, did by express terms, incorporate all the several school boards then existing, and which succeeded them, and thereby the first board of which the complainant Jones was a member, became an incorporate body. He could not, therefore, represent the whole body in bringing a suit in his name. But independent of this view, he is estopped from claiming ; he is not a member of the board which has been superseded by appointment of the Judges, of the board he attacks by this bill. He was appointed by the Judges of the Circuit Court for Montgomery County, (under the authority of the Acts which he now contends conferred no rightful power on the Judges,) in 1872, 1874, 1876 and 1878, and by the admissions of the bill, has acted as *President of the Board*, so appointed and constituted all the while, until his displacement by the appointment of some one in his stead. Having participated in the doings of the board constituted under the Acts of 1870 and 1872; having accepted appointment by the Judges as a member of the board ; having accepted election by the board as its president, and having held himself out as the president of a legally constituted board of School Commissioners, he cannot now, and especially in a Court of equity, be allowed to repudiate the authority and title under which he acted, and set up an independent and paramount title to his office, by reason of his election in 1869. In the light of his conduct from 1870, onward to the time of the appointment of another person in his place, he must be held as having abandoned all claim to the place by reason of his election in 1869, and to have held only under the appointment of the Judges.

But the appellants insist, that notwithstanding the complainant Jones may not be *rectus in curia*, the same impediment does not stand in the way of James Anderson,

and that he, as the bonded officer, under the board elected under the Act of 1868, never having bonded afresh under his new appointments in 1872, and afterwards, must be regarded as still holding over under his original appointment, and now properly in Court. We cannot so regard him. His acts estop him from making such claim. He admits his appointment, by the several boards from 1872 onward, on their organization, as *their* secretary, treasurer and examiner, until the new board elected another person in his place. He admits having continued and acted as secretary and treasurer for these several boards. As such secretary he must have entered in their journal the record of his appointment from time to time. As their treasurer he honored their orders, and paid the bills they directed to be paid. He must have passed the moneys of the board to their credit, and kept his accounts accordingly, else the work of education with which they were entrusted would have remained unattended to in that county. All these are necessary inferences, fully warranted by the allegations of the bill. Under such circumstances, he must be held to have accepted the appointment as his own successor from time to time, and to use a phrase borrowed from the law of landlord and tenant, he must be held as having attorned to the new board in 1872, and from time to time afterwards. The fact that he gave no new bond, cannot affect the question whether he holds, since 1872, under the new system, or under the old board and appointment in 1869. He cannot avail himself of his own *laches*, nor of the negligence and *laches* of the several boards in not seeing to it, that such an officer was under proper bond for the discharge of his duty faithfully and honestly.

Could a Court of equity, under the circumstances presented by the admissions of the bill in this case, hold the securities of James Anderson, on his bond of 1869, liable for all that he might have done in violation of his trust under the boards of 1872, 1874, &c.? If he had committed

default in his office under the appointment in 1876 and 1878, could a Court of justice hold the securities of 1869 bound for it, because of his secret impressions that the law under which the several boards which successively appointed him was unconstitutional? If not, and it would seem ·to be clearly contrary to reason and justice, that it should, then he did not hold over, but was his own successor in office, and the claim he now sets up cannot be regarded. Being in a Court of equity asking its interposition in their behalf, by the exercise of one of its extraordinary and summary powers, the right of the complainants to claim such interposition by the Court, cannot be too carefully scrutinized. In their official capacity, we find they have no standing in Court to maintain this suit. As parts of, and as representing the community at large of Montgomery County, they have made no case for the Court's interposition. In the *Wicomico County Case,* 35 *Md.,* 206, already referred to, this Court said, " the inhabitants of a county have no individual interest" in the money appropriated for school purposes in such County. *If a case could·be made* at the instance of citizens, to restrain these defendants from receiving and disbursing the moneys appropriated to school purposes in Montgomery County, on the ground of fraudulent misapplication, and we do not intimate opinion thereon, no such charges are made as the bases of such interference.

The defendants are receiving the same public recognition as a legal Board of School Commissioners, and a legal treasurer and examiner, which was accorded to the complainants, ·under like appointment, under the same law which they now repudiate, as without constitutional warrant.

The Court below did right in refusing the injunction which was asked for.

We do not feel called on to enter into the discussion of the constitutional question. It is not necessary to the

Wash. City & Pt. Lookout R. R. Co. *vs.* The South. Md. R. R. Co., *et al.*

decision of this case, as presented; and we may fairly presume was not considered or passed upon by the Court below, as we find sufficient reasons for refusing the injunction, without supposing that question to have been considered.    Without expressing any opinion upon the constitutional question, we shall affirm the order refusing the injunction, and dismiss the bill.

*Order affirmed with costs,*
*and bill dismissed.*

(Decided 16th December, 1880.)